IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | CASE NO: 10-50601 |
| Jessie Lee Goodman | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | Judge Marilyn Shea-Stonum |
| | ) | |
| | | <u>Chapter 13 Plan</u> |

1. **Plan payment and length**. The debtor(s) shall pay to the chapter 13 trustee all projected disposable income in the amount of $44.00 each week for approximately 60 months, but not to exceed 5 years. Unless allowed unsecured claims are paid 100%, the duration of the plan shall be 3 years if the debtor('s)(s') income is less than or equal to the applicable state median income or 5 years if greater than the applicable state median income. This provision does not prohibit the debtor from prepaying the plan before the 3 or 5 year period.

2. **Effective date of the plan**. The effective date of the plan shall be the date of the confirmation of the plan.

3. **Preconfirmation adequate protection and lease payments**. The following preconfirmation adequate protection payments on claims secured by personal property of the debtor(s) and preconfirmation lease payments for the lease of personal property shall be paid by the chapter 13 trustee to the below listed creditors. The debtor shall remit such payments immediately to the chapter 13 trustee. Creditors must file a proof of claim in order to receive any preconfirmation adequate protection or lease payment. Payments shall be reserved by the chapter 13 trustee until the date of the entry of the order confirming the plan and then paid to these creditors. In the event that the chapter 13 case is dismissed or converted to a case under another chapter of the Bankruptcy Code before confirmation of the plan, or is not confirmed by the 120th day after the date the plan is filed, the chapter 13 trustee shall pay the reserved payments to the creditors listed below. The above procedure will be set forth in an Agreed Order that will be presented by the chapter 13 trustee to the debtor(s) and any other consenting party at the Sec. 341 hearing which shall be called an "agreed order allowing preconfirmation adequate protection payments" and thereafter submitted to the Court. **Any creditor**

**objecting to such treatment must file an objection prior to the first scheduled Sec. 341 hearing**.

| **CREDITOR** | **DESCRIPTION OF PROPERTY** | **PAYMENT AMOUNT** |
|---|---|---|
| **Honda Finance** | '01 Honda CRV | $44.96/mo. |

    4. **Classification of claims and sequence of payments**. Claims shall be classified and paid when allowed, except as otherwise herein provided or otherwise ordered by the Court, as follows:

    a. **Administrative expenses.** Debtor('s)(s') counsel fees in chapter 13 cases in Akron, Ohio shall be deemed an administrative expense of the bankruptcy estate pursuant to 11 U.S.C. Sec. 503(b). Upon confirmation of the plan, provided that sufficient funds have been paid into the plan, the chapter 13 trustee shall commence payment of attorneys fees pursuant to 11 U.S.C. Section 507(a)(1) and 11 U.S.C. Section 1326(b)(1), subject to Administrative Order 04-01. Debtor('s)(s') counsel shall remain counsel of record and provide representation on behalf of the debtor(s) until completion or dismissal of the case, unless counsel's representation has been excused by the Court. Failure to attend to such representation may result in an order requiring disgorgement of fees upon a finding by the Court of sufficient cause after affording to all affected parties due process, including proper notice and the opportunity to be heard.

    b. **Cure of defaulted payments**. The following secured creditors shall be paid current monthly payments directly ("outside") by the debtor(s) with arrearage, if any, to be paid by the chapter 13 trustee. The first current monthly payment to these creditors will be made directly by the debtor(s) in the month following the month in which the plan is filed.

| **CREDITOR** | **ARREARAGE** | **FIXED PAYMENT ON ARREARAGE** |
|---|---|---|
| **EMC Mortgage** | $3,000.00 | $50.00/mo. |

    c. **Claims to which Sec. 506 valuation is not applicable**. The following creditor(s) hold(s) claim(s) alleged to be secured by a purchase-money security interest in a vehicle purchased for the debtor('s)(s') personal use within 910 days of the filing of the petition or, if the collateral is other than a vehicle, within 1 year of the filing of the petition. The treatment of such claim(s) is indicated by an "X" entered before the applicable paragraph:

1. The following creditors are to be paid in full with interest and in equal monthly amounts by the chapter 13 trustee as specified below:

**CREDITOR           COLLATERAL           CLAIM           INTEREST     PAYMENT AMOUNT**

**None.**

2. The collateral described below is to be surrendered and the claim treated as follows;

**CREDITOR           COLLATERAL           TREATMENT OF CLAIM**

**None.**

3. The claim(s) shall be modified pursuant to 11 U.S.C. Sec. 1322(b)(2) so as to be bifurcated into a portion to be paid in full and the balance to be paid prorata as a general unsecured claim. **If a creditor objects to this treatment of its claim, the creditor must file an objection to confirmation within 10 days prior to the date of the hearing on confirmation of the plan or the Court may deem its objection to be waived.**

**CREDITOR           COLLATERAL           AMOUNT TO BE FULLY PAID     INTEREST     PAYMENT**

**None.**

d. **Claims to which Sec. 506 valuation is applicable**. The following claims shall be paid as follows:

| **CREDITOR** | **SECURED VALUE** | **INTEREST** | **FIXED PAYMENT** |
|---|---|---|---|
| Honda Finance | $1,500.00 | 5% | $44.96/mo. |

With respect to each allowed secured claim, unless the holder of the claim has accepted a different treatment of the claim or the debtor proposes to surrender the property to such holder, the holder of each allowed secured claim shall retain the lien securing such claim
until the earlier of the payment of the underlying debt determined by nonbankruptcy law

or a discharge under 11 U.S.C. Sec. 1328

    e. **Priority claims.** All claims entitled to priority under 11 U.S.C. Sec. 507 shall be paid in full in deferred cash payments unless a holder of a particular claim agrees to a different treatment. The following priority claims shall be paid in full, as follows:

    1. **Domestic support obligations as defined in 11 U.S.C. Sec. 101 (14A)**

| CREDITOR'S NAME, ADDRESS | TELEPHONE NO. | STATE HAVING JURISDICTION |
|---|---|---|
| None. | | |

    2. **Arrears owed to domestic support obligation holders or governmental units under 11 U.S.C. Secs. 507(a)(1)(A) and (B).**

| CREDITOR | ARREARAGE CLAIM | STATE HAVING JURISDICTION |
|---|---|---|
| **None.0** | | |

    3. **Other priority claims**.

| CREDITOR | ESTIMATED AMOUNT OF CLAIM |
|---|---|
| Akron Div. of Taxation | $400.00 |

    f. **Unsecured claims**. Creditors holding unsecured claims shall be paid 7% of the amount owed after payment of administrative, secured and priority claims on a pro rata basis. No interest accruing after the filing of the petition shall be allowed.

    g. **Postpetition claims.** The plan shall allow for the payment of all or a part of a postpetition claim allowed under 11 U.S.C. Sec. 1305.

5. **Executory contracts and leases**. Executory contracts and unexpired leases for personal property shall be treated as follows:

None.

Any claim filed by the above creditor(s) shall be allowed as if such claim arose prior to the filing of the petition, subject to the rights of the debtor(s) or chapter 13 trustee to object to the amount of the claim pursuant to 11 U.S.C. Sec. 502(g). A rejected executory contract claimant or lessor of personal property has 90 days from the date of the Sec. 341 hearing to file a proof of claim.

6. **Other provisions**. The following provisions shall further apply:

    a. Any claim not filed within the time allowed under Bankruptcy Rule 3002(c) shall be disallowed pursuant to 11 U.S.C. Sec. 502(b)(8). A claim filed by a governmental unit shall be disallowed if not filed before 180 days after the date of the order for relief.

    b. **In the event that a creditor has been granted relief from stay, the chapter 13 trustee shall immediately cease disbursement on the remaining unpaid claim(s) of the creditor(s) who sought the relief and upon the remaining unpaid claim(s) of other creditor(s) holding liens on the property that is subject to the order granting relief from stay, unless otherwise ordered by the Court.**

    c. Confirmation of the plan shall vest all property of the estate in the debtor(s). All property of the estate as defined in 11 U.S.C. Sec. 541 and 1306 shall remain in possession of the debtor(s) until the case is closed, dismissed or converted to a case under chapters 7, 11 or 12 of the Bankruptcy Code, whichever occurs first.

    d. The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) and the chapter 13 trustee from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) or the chapter 13 trustee any duty, requirement or obligation to submit any or all claims, demands or causes of action of the debtor(s) or the chapter 13 trustee or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising prepetition or postpetition, to any form of binding arbitration or alternative dispute resolution. Consequently confirmation of this plan shall constitute a finding that any such causes, conditions or provisions, whether under the Federal Arbitration Act or any state rule, statute or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) and to the chapter 13 trustee.

DATED at Akron, Ohio, February 16, 2010

                                              /s/ Jessie Lee Goodman

                                              _____

/s/ Robert M. Whittington, Jr. 0007851
159 S. Main St., #1023
Akron, OH 44308
Voice 330 384 8484
Fax 330 384 8953
E-mail elkwhitt@neo.rr.com